United States Court of Appeals

For the Eighth Circuit

_____

No. 18-3482

_____

United States of America,

*Plaintiff - Appellee*,

v.

Bradley Levi Petermann,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: September 23, 2019
Filed: December 17, 2019
[Unpublished]

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Bradley Petermann pleaded guilty to one count of unlawful possession of a firearm as a prohibited person, namely, a previously convicted felon and an unlawful user of a controlled substance. *See* 18 U.S.C. §§ 922(g)(1), 922(g)(3), 924(a)(2). The

district court[1] calculated an advisory guideline range of 70 to 87 months' imprisonment, and ultimately imposed a term of 37 months' imprisonment after a departure under the guidelines and a variance under 18 U.S.C. § 3553(a). Petermann appeals his sentence, arguing that the district court committed procedural error in applying a four-level increase under the guidelines for possessing a firearm in connection with another felony offense. We conclude that there was no error and therefore affirm.

In calculating Petermann's advisory guideline range, the district court applied a four-level increase under USSG § 2K2.1(b)(6)(B) on the ground that Petermann "possessed any firearm . . . in connection with another felony offense." The other felony offense was "carrying weapons" in violation of Iowa Code § 724.4. That provision proscribes going armed with a dangerous weapon concealed on or about the person, going armed with a pistol or revolver or any loaded firearm, whether concealed or not, within the limits of any city, and knowingly carrying or transporting a pistol or revolver in a vehicle. The offense is punishable by up to two years' imprisonment, *see* Iowa Code § 903.1(2), and thus qualifies as a felony within the meaning of the guideline. USSG § 2K2.1, comment. (n.1). Because police found a loaded nine-millimeter firearm on the driver's side floorboard of a vehicle that Petermann was driving when stopped for speeding in Council Bluffs, Iowa, the court found that he had possessed the firearm in connection with a violation of Iowa Code § 724.4.

Petermann conceded in the district court and acknowledges on appeal that the four-level increase was proper under this court's decision in *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014), although he contends that *Walker* was wrongly decided. We agree with the district court that *Walker* is directly on point, and that

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

§ 2K2.1(b)(6)(B) is therefore applicable. There was no error in calculating the advisory guideline range, and the judgment is affirmed.

_____